W. Stanley **BARRETT** et al., Petitioners,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 6458.**

United States Court of Appeals
First Circuit.
July 19, 1965.

---

* Of the Southern District, sitting by designation.

Richard F. Canning, Providence, R. I., with whom Andrew P. Quinn and Letts & Quinn, Providence, R. I., were on brief, for petitioners.

J. Edward Shillingburg, Attorney, Department of Justice, with whom Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson and Melva M. Graney, Attorneys, Department of Justice, were on brief, for respondent.

Before ALDRICH, Chief Judge, and MARIS * and BURGER *, Circuit Judges.

BURGER, Circuit Judge.

This appeal involves the question whether election made by one of the petitioners to take paid-up life insurance policies under an option in matured endowment policies held by him gave rise to capital gain or to ordinary income. The endowment policies when issued provided that at maturity the petitioner as the insured would have four options: receipt of (1) a monthly income for life; (2) a lump-sum cash payment; (3) a paid-up life insurance policy; or (4) a lump-sum cash payment and a paid-up life insurance policy. At maturity in 1960 an election was duly made to take the option providing for paid-up life insurance. On the joint return filed by the insured and his wife, petitioners here, they reported as long-term capital gain the amount by which the replacement value of the newly acquired life insurance policies exceeded the cost of the endowment policies (premiums paid less dividends credited). Respondent determined that this gain was ordinary income and asserted a deficiency.

■■ Petitioners argued in the Tax Court that respondent was estopped from taxing the gain at ordinary income rates inasmuch as petitioners in exercising the option had relied on a letter from the Internal Revenue Service which they interpreted as indicating that the selection of the paid-up life insurance would give rise to capital gain. They also argued that the exercise of the option was an exchange of property under Sections 1221 and 1222 of the Internal Revenue Code of 1954 and so taxable as long-term capital gain.

The Tax Court, 42 T.C. 993, found petitioners' reliance on the informal letter unwarranted and held that the respondent was correct in his determining the gain taxable as ordinary income.

We have considered the petitioners' contention that the Tax Court was wrong in so deciding as well as the other points raised by them but we find no error.

Affirmed.

* Sitting by designation.